IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MONROE RANDLE                                                                                    PLAINTIFF

VS.                                                             CIVIL ACTION NO. 3:07cv313-JCS

MISSISSIPPI STATE PAROLE BOARD, et al.                                           DEFENDANT

## MEMORANDUM OPINION AND ORDER

This is an action filed by a state inmate pursuant to 42 U.S.C. § 1983, by which he challenges his denial of parole by the Mississippi State Parole Board (Parole Board). Presently before the court is Defendant's motion for summary judgment. Having considered the motion and Plaintiff's response, the court concludes that the motion should be granted.

Plaintiff is serving a life sentence for capital murder. He has been considered for and denied parole on numerous occasions. Plaintiff's primary contentions are that the parole statute, Miss. Code Ann. § 47-7-3 (2004), and the procedures used by the Parole Board, are violative of due process. Unfortunately for Plaintiff, well-established precedent precludes success on the merits of Plaintiff's due process claims against the Parole Board. It is well-established that because the language of Mississippi's statute governing release on parole is permissive rather than mandatory, a prisoner does not have a protected liberty interest in release on parole that would support due process claims. *Scales v. Miss. State Parole Board*, 831 F.2d 565, 566 (5th Cir. 1987)

Plaintiff also alleges an equal protection violation, arguing that several white prisoners convicted of capital murder have been granted parole, whereas, Plaintiff, who is black, has been denied parole. The equal protection clause mandates that all persons

similarly situated be treated alike.  *Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996).  Plaintiff has come forward with no evidence, nor made any specific allegations, that he was in all relevant matters similarly situated to those prisoners who were granted parole.

For these reasons, Defendant's motion for summary judgment is hereby granted. Furthermore, Plaintiff's motion for an extraordinary writ, his motion complaining of malfeasance and falsifying of documents, and his motion to compel production documents are hereby denied.  The complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  A separate judgment to this effect will be entered in accordance with Fed. R. Civ. P. 58.

IT IS SO ORDERED, this the 25th day of March, 2009.

/s/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE